FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2011 FEB 10  PM 4: 25

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KEVIN B. CARTER, 303424** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 09-2551** |
| **BURL CAIN, WARDEN** | * | **SECTION: "A"(6)** |

## ERRATA/

## SUPPLEMENTAL REPORT AND RECOMMENDATION

      The undersigned Magistrate Judge issued a Report and Recommendation in the above-captioned matter on January 13, 2011. (Rec. Doc. 9).  Therein, the court found that petitioner's federal filing of his habeas corpus petition on January 30, 2009 was too late to meet the one year limitations requirements of 28 U.S.C. §2244 (d)(1) and (2). The deadline for filing the federal petition was determined to be April 8, 2006. Based upon these findings, the undersigned Magistrate Judge recommended that Kevin B. Carter's petition be dismissed with prejudice as untimely.

      On January 28, 2011, petitioner Carter filed his Objections to the Magistrate Judge's Report and Recommendation, asserting for the first time that he had actually submitted a federal habeas application to this court on or about November 14, 2005. If Carter is correct, his federal application would, in fact, be timely.

Fee _____
Process _____
X Dktd _____
CtRmDep _____
Doc. No. _____

The court requested that the staff of the Clerk of Court research its files to determine if Carter's assertions were correct. The *pro se* filing log confirmed that on or about November 7, 2005, the pro se unit of this court received Kevin Carter's federal habeas petition without the requisite filing fee and without an application for in forma pauper status.[1] On November 14, 2005, Carter was notified by a Deputy Clerk of this Court that his habeas petition had been received but was deficient.[2]  Carter failed to cure this deficiency. Carter's federal habeas application was not filed into the record but was instead retained separately by the Clerk as a deficient petition.

On December 15, 2008, a letter dated December 2, 2008, was received by the Clerk from Carter inquiring about the status of his 2005 petition.[3]  On January 5, 2009, the Clerk sent a response letter to Carter, again informing him of his deficiency in failing to pay the fee or submit a pauper application.[4]  On January 30, 2009, Carter completed the pauper application and Certified Statement of Account and mailed them to this court. The documents

---

[1] Rule 3(a)(1) and (2) requires that every petition be accompanied by the requisite filing fee or a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. §1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution.

[2] See November 14, 2005 letter from the Clerk, attached to this Supplemental Report and Recommendation.

[3] See December 2, 2008 Letter from Carter, attached to this Supplemental Report and Recommendation.

[4] See January 5, 2009 letter from the Clerk, attached to this Supplemental Report and Recommendation.

2

were received on February 2, 2009, the petition was then given a docket number and the case was allotted to Section "A"of this court, Magistrate 6 (the undersigned Magistrate Judge). The matter was then referred for disposition to this Magistrate Judge. However, no notice of the past deficiency was provided to this Magistrate Judge by the Clerk's Office or by the petitioner. Additionally, it does not appear that the earlier "tendered date" of November 7, 2005 was noted on the copy of petitioner's application provided to this Magistrate Judge nor did the State received a copy of the petition with the November 7, 2005 date stamped on the front. The original petition, however, does bear this stamp on the front of the first page of the petition as well as notations on the back indicating the earlier history of the petition. A copy of the front and back of the first page of the original petition, which this court requested from the Clerk's Office, is also attached to this Supplemental Report and Recommendation.

In 2004, prior to petitioner's habeas petition being submitted to this court, Rule 3 of the Rules Governing Habeas Corpus Cases Under Section 2254 was amended. Rule 3(b) now reads: "The clerk must file the petition and enter it on the docket." In pertinent part, the accompanying Advisory Committee Notes provide:

> Revised Rule 3(b) is new and is intended to parallel Federal Rule of Civil Procedure 5(e),[5] which provides that the clerk may not refuse to accept a filing solely for the reason that it fails to comply with these rules or local rules. Before the adoption of the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, the petitioner suffered no penalty, other than delay, if the petition was deemed insufficient. That Act, however, added a one-year statute of limitations to

---

[5] Rule 5 has been amended since 2004. The provision to which the Committee is referring is now at Rule 5(d)(4).

petitions filed under § 2254, *see* 28 U.S.C. § 2244(d)(1). Thus, a court's dismissal of a defective petition may pose a significant penalty for a petitioner who may not be able to file a corrected petition within the one-year period. The Committee believed that the better procedure was to accept the defective petition and require the petitioner to submit a corrected petition that conforms to Rule 2. **Thus, revised Rule 3(b) requires the Clerk to file a petition, even though it may otherwise fail to comply with Rule 2. The rule, however, is not limited to those instances where the petition is defective only in form; the clerk would also be required, for example, to file the petition even though it lacked the requisite filing fee or an *in forma pauperis* form.** (Emphasis added.)

Therefore, it appears that at the time petitioner originally mailed his federal petition in 2005, as well as at present, all § 2254 habeas petitions, even those unaccompanied by a filing fee or pauper application, should be accepted for filing and entered on the docket. *See Medley v. Thaler*, Civ. Action No. 08-11008, 2010 WL 4459836, at *4 (5th Cir. Nov. 9, 2010); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 415 n.5 (2005) (citing the Advisory Committee Notes to Rule 3(b) as an example of the clerk's "quite limited" role in refusing petitions).

Kevin B. Carter's federal habeas petition was not filed but instead was retained separately by this Court as a deficient petition until he submitted a pauper application in 2009. Based upon the foregoing, the Court finds that Carter's federal habeas application is deemed filed as of its original tendered date of November 7, 2005, thus making his federal application timely filed in this court.

Accordingly,

This Magistrate Judge hereby VACATES its prior Recommendation that Carter's

4

federal habeas application be dismissed with prejudice as untimely, and makes the following recommendation:

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that the district court find Kevin B. Carter's federal habeas petition to be timely filed;

IT IS FURTHER RECOMMENDED that the district judge RECOMMIT this matter to the undersigned Magistrate Judge for disposition; and,

IT IS FURTHER RECOMMENDED that the Respondent be ORDERED to file a supplemental response addressing the merits of Kevin B. Carter's claims within forty-five (45) days of the district court's Order affirming this supplemental Report and Recommendation.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).[6]

New Orleans, Louisiana, this 10th day of February, 2011.

LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE

---

[6]*Douglas* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.